IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG -5 2014
ARTHUR JOHNSTON
BY ______ DEPUTY

RANDY L. KENNEDY PLAINTIFF

VS. CIVIL ACTION NO: 3:14cv607 WHB JCG

RAY LAHOOD, SECRETARY OF THE DEPARTMENT
OF TRANSPORTATION OF THE UNITED STATES
OF AMERICA AND ITS DIVISION, THE
FEDERAL AVIATION ADMINISTRATION AND
JOHN DOES 1-10 DEFENDANTS

## COMPLAINT

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices of disability and to make whole the Plaintiff, Randy L. Kennedy. The Plaintiff alleges that the Defendant failed to provide him with a reasonable accommodation and discharged him because of his disability, being residual complications from mold exposure and mold allergies.

## JURIDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343 and 42 U.S.C. §2000e-5. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged below were and are now being committed in the Southern District of Mississippi.

**PARTIES**

3. Plaintiff, Randy L. Kennedy ("Kennedy"), is authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1), as reflected in his "right to sue" letter, received from the Departmental Office of Civil Rights of the U.S. Department of Transportation. Said letter is attached hereto as Exhibit 1 and fully incorporated herein by reference.
4. At all relevant times, Defendant the Department of Transportation of the United States of America, including its division the Federal Aviation Administration, by and through its Secretary Ray LaHood, (hereinafter referred to as "Employer" or "Defendant Employer") has been and is a division of the United States Government doing business in the Southern District of the State of Mississippi and is subject to the provisions of the laws cited above. Defendant Employer employees individuals to provide air traffic direction for commercial and governmental aircraft. John Doe Defendants are persons or entities having responsibility for the actions complained of herein who are ascertained through the discovery process or otherwise come to the attention of the Plaintiff.
5. At all relevant times, Defendant Employer has continuously been a covered entity under the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

6. Mr. Kennedy timely filed a charge with the Equal Employment Opportunity Commission ("Commission") alleging a violation of the ADA by Defendant Employer. Mr. Kennedy exhausted all administrative remedies prior to filing this suit. Mr. Kennedy received a notice of his right to sue from the Departmental Office of Civil Rights of the U.S. Department of Transportation within 90 days of the filing of this complaint, as shown in Exhibit 1. All conditions precedent to the institution of this lawsuit have been fulfilled.
7. Mr. Kennedy was hired as a civilian air traffic controller in Meridian, Mississippi in July 1991.
8. The general duties of an air traffic controller include, but are not limited to, managing and directing the movement of aircraft on and around airports in accordance with established procedures and regulations.
9. As early as 1993, Mr. Kennedy began experiencing symptoms of respiratory distress. His symptoms included, but are not limited to, pneumonia, asthma, allergies, sinusitis, and Chronic Inflammatory Response Syndrome.
10. In 2000, Mr. Kennedy began treatment for his respiratory symptoms. During his time away from work for sick leave, Mr. Kennedy's symptoms improved. Upon returning to work, his symptoms returned.
11. There have been established complaints that the work environment provided by Defendant Employer suffers from lack of proper maintenance and proper cleaning of the HVAC system.

12. Samples from the HVAC system of Mr. Kennedy's work area were tested and were confirmed to contain mold, specifically alternaria and rhizopus. Mr. Kennedy's physician wrote Mr. Kennedy's supervisor expressing concerns about the working environment and requesting accommodation for Mr. Kennedy's condition and disability. The Defendant Employer denied Mr. Kennedy's request for reasonable accommodation.
13. In 2002, management had meetings with the Navy about the issue with HVAC in the relevant work areas and OSHA was notified. The Navy asserted it was the responsibility of the FAA to maintain the HVAC system and the FAA asserted it was the Navy's responsibility to maintain the HVAC system.
14. In 2006, NAV OSHA reported mold in the building tiles. Work to remove and/or repair the affected tiles began in December 2007 and continued through March 2008.
15. FAA employees had an independent company come in and conduct air sample testing and tape testing of material from air vents in the relevant work areas on multiple occasions. In October 2007 the air and tape tests tested positive for alternaria, apergillus/penicilium, basidiospore, cladosporium, nigrospora, curvularia, epicoccum and hyphal fragments. In February 2008, tape tests tested positive for cladosporium, basidospore and hyphal fragments. In February, 2009, tests showed evidence of ascospore, aspergillus/penicilium, basidiospore, cladosporium, curvularia, cercospora, botrytis, epicoccum and hyphal fragments, alternaria, nigrospora, periconia, chaetomium, bipolaris

myxomycetes, drechstera/helminthosporium, and several unidentified spores. Each test returned mold spore counts in various amounts.

16. In December 2008 and February 2009, OSHA issued two separate Notices of Unsafe or Unhealthful Working Condition. The violations listed poor maintenance, dust, water stains, and mold. Abatement certificates were not filed as required and only a few ceiling tiles were changed out.

17. Because of the above and foregoing chronic respiratory illnesses, Mr. Kennedy was required to use his accumulated sick leave.

18. Mr. Kennedy was "passed over" for regular promotions due to his use of sick leave, disability, age, national origin and race, including in 2008 and 2011.

19. Furthermore, due to the mental and emotional stress of the above and foregoing abuses to which Mr. Kennedy was subjected, he has developed additional health problems, specifically hypertension and other heart conditions, as well as IBS with colitis.

20. The effect of these practices complained of above has been to deprive Mr. Kennedy of equal employment opportunities and otherwise adversely affect his status as an employee because Defendant Employer failed to provide him with a reasonable accommodation and discharged him because he is disabled as defined by the ADA.

21. The conditions suffered by Mr. Kennedy resulted in his disability and substantially limit one or more major life activities. He is otherwise qualified to perform the essential functions of his job as an air traffic controller.

22. The unlawful employment practices complained of above were and are intentional.

23. As a result of Defendant Employer's actions and omissions in regards to providing reasonable accommodations to Mr. Kennedy, Defendant Employer has discriminated against the Plaintiff.

24. Defendant Employer, at all relevant times, has been acting with malice or reckless indifference to the federally protected rights of Randy Kennedy in violation of the ADA 42 U.S.C. §12101 *et. seq.*

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court:

A. Grant a permanent injunction enjoining the Defendant(s), its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability;

B. Order Defendant(s) to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate effects of past and present unlawful employment practices;

C. Order Defendant(s) to make whole Randy Kennedy by providing him with appropriate back pay with prejudgment interest, in amounts to be proved at trial, as well as payment for loss of future wages due to his disability, which has been caused by Defendant(s);

D. Order Defendant(s) to make whole Randy Kennedy by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish in amounts to be proven at trial;

E. Order Defendant(s) to pay punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial;

F. Grant such further relief as the Court deems necessary and proper; and

G. Grant to Randy Kennedy a reasonable amount of attorney's fees and costs of court.

**JURY TRIAL DEMAND**

The Plaintiff Randy Kennedy requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted, this the 5th day of August, 2014.

RANDY L. KENNEDY, PLAINTIFF

STATE OF MISSISSIPPI
COUNTY OF LAUDERDALE

PERSONALLY APPEARED before me, the undersigned authority in and for the county and state as hereinabove stated, the within named RANDY L. KENNEDY, after being by me first duly sworn, states on his oath that the facts and allegations contained in the above and foregoing Complaint are true and correct as therein stated.

RANDY L. KENNEDY

SWORN to and SUBSCRIBED BEFORE ME, this the 5th day of August, 2014.

NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 76750
ALLYSON K. MOSLEY
Commission Expires
Feb. 21, 2017
CLARKE COUNTY

MY COMMISSION EXPIRES:

______________________

BY: ______________________

MICHAEL D. GOGGANS, COUNSEL
FOR PLAINTIFF RANDY L. KENNEDY

The Goggans Law Firm, PLLC
1706 24th Ave
Meridian, MS 39301
601 286 3622
MS BAR 10581