UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP - 4 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

RANDY L KENNEDY )
    Plaintiff )
    v. )
)
ANTHONY R FOXX, SECRETARY ) Civil Action No. 3:14CV607-WHB-JCG
UNITED STATES DEPARTMENT OF )
TRANSPORTATION AND IT'S DIVISION ) JURY TRIAL DEMAND
THE FEDERAL AVIATION )
ADMINISTRATION )
    Defendant(s)

## COMPLAINT

## NATURE OF ACTION

1. This is an action to correct unlawful employment practices of discrimination and retaliation and make whole the Plaintiff, Randy L. Kennedy. The Plaintiff alleges that the Defendant failed to provide reasonable accommodation, promotional opportunities, and equal treatment under the law. The Defendant due to professional negligence did subject the Plaintiff to an unhealthful and unsafe work environment which has caused the plaintiff to suffer physical, emotional, and financial harm.

## JURISDICTON AND VENUE

2. Pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*(Title VII), employment discrimination, The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*(ADEA), employment discrimination on the basis of age. The Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, *et seq.* (Rehab. Act), for employment discrimination on the basis of a disability. Jurisdiction is specifically conferred on this Court by 42 U.S.C. §2000e (5). Equitable and other relief are also sought under 42 U.S.C. §

1

2000e (5) (g). Jurisdiction is also based on 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1981 et seq. Where employment discrimination based upon age is alleged, jurisdiction is conferred by 29 U.S.C. §§ 626(c) (1) and appropriate relief is also sought. The Privacy Act of 1974 and its amendments, 5 U.S.C. § 522a., and the Family and Medical Leave Act, 29 U.S.C 2601.

3. The unlawful employment practices alleged below were committed in Lauderdale County located in the United States District Court for the Southern District of Mississippi Northern Division.

## PARTIES

4. Plaintiff, Randy l. Kennedy is authorized to bring this action by Section ------ as reflected in his right to sue letter 1, received from the Department Office of Civil Rights of the U.S. Department of Transportation. Said letter is attached hereto as [exhibit 1] and fully incorporated herein by reference, and letter 2, received from the Department Office of Civil Rights of the U.S. Department of Transportation. Said letter is attached hereto as [exhibit 2 ] and fully incorporated herein by reference.

5. At all relevant times, Defendant the Department of Transportation of the United States of America, including its division the Federal Aviation Administration, by and through its Secretary Anthony Foxx, (hereinafter referred to as the "Employer" or 'Defendant Employer") has been and is a division of the United States Government doing business in the Southern District of the State of Mississippi and is subject to the provisions of the laws cited above. Defendant Employer employs individuals to provide air traffic direction for commercial, governmental and private aircraft. John Doe Defendants are persons or entities having responsibilities for the actions complained of herein who are ascertained through the discovery process or otherwise come to the attention of the plaintiff.

6. At all relevant times, Defendant Employer has continuously been a covered entity under Title VII, The ADEA, and Rehab. Act.

## CAUSE OF ACTION

7. Plaintiff claims a cause of action against the Employer for the following based on my race (American Indian / Caucasian), my national origin (Native American), color (white), my age (Over 40 since the year 2000), and also for the agency's continued denial and failure to provide any reasonable accommodation for my disabilities (Asthma and Allergy, Sino Pulmonary Disease, Allergic Fungal Sinusitis, Reactive Airway Disease, Hypertension and Heart Disease, Colitis and Hyper/Hypothyroidism).

8 have been subjected to desperate treatment, a hostile work environment, and retaliated against when I filed worker compensation claims, an OSC complaint for prohibited personnel practices, filing multiple grievances against management for failing to protect my health and safety. I was a witness in 3 EEO complaints and I also filed 4 separate but interrelated Equal Employment Opportunity claims, several health, safety and OSHA complaints, an Unsafe Condition Report and grievances, as well as other union activity. My right to privacy act information in my records maintained by the agency was denied on several occasions, and my Family Medical Leave Act requests were denied and interfered with.

## 3.BACKGROUND HISTORY

1. My name is Randy Lee Kennedy.
2. My address is 8514 Pine Springs Rd., Meridian, MS 39305.
3. My phone numbers is 601-771-0030 (home).
4. From April 19, 1982 to November 30, 2012 I was employed by the Federal Aviation Administration (FAA) my federal employer with over 500 employees as an Air Traffic Control Specialist (ATCS).
5. The last facility I was assigned to work at was Meridian RATCF (RADAR Air Traffic Control Facility) located at the Naval Air Station (NAS) in Meridian MS. The first date I was assigned to work at that facility was July 28, 1991.
6. I was a very good employee receiving multiple awards and recognition throughout my career. I did not receive any reprimands or any disciplinary records for my entire employment history with the Agency.

7. I participated in the supervisory identification and placement program and was placed on the eligible for selection list prior to moving to NAS RATCF.

9. Prior to my assignment to the Meridian RATCF facility I was in good health, except for my back and I did not suffer from allergies or asthma.

10. Following my assignment to that facility I began to suffer from and develop health issues that continued to grow worse over time while being exposed to the environment inside the facility. The health issues I began to experience developed into chronic conditions of asthma and allergy, Sino pulmonary disease, allergic fungal sinusitis, hypertension, reactive airway disease, bronchitis, colitis and hyper/hypothyroidism.

11. I have other diagnosed health issues such as atherosclerosis, disc degenerative disease, which caused me to have a spinal cord stimulator implanted in my back for the neuropathy in my feet and legs, all of which are chronic conditions.

12. August 19, 2000 I started treatment with Dr Siefker for Asthma and sinusitis that was causing a continuous cough, sore throat and headaches. Information was provided to the FAA in letter form Dr. Siefker on May 7, 2002.

13. September 1, 2000, the FAA Regional Flight surgeon sent a letter to my doctor, Dr. Seifker requesting information on an upcoming sinus surgery. Dr. Siefker responded at that time with a diagnosis of asthma and sinusitis. The flight surgeon stated that it was their responsibility "in order to provide my manager with advice and counsel regarding my prognosis".

14. January 9 2001 filed grievance for Fuel Spill in our building that sent me to the hospital for treatment.

15. January 2, 2002 admitted to the hospital for IV antibiotics following a diesel fuel spill at work and asthma exacerbation.

16. On January 8, 2002 my treating physician, Dr. Siefker, wrote a letter to my FAA manager advising the agency of my allergy and asthma disability issues with the facility and requested if there was anything that could improve my working environment. This initiated the requirement for an interactive process to start and determine an appropriate accommodation. This letter I hand delivered to the facility manager. FAA management officials did not at any time respond to this request, verbally or in writing as required by law and regulation. EXHIBIT 3

16. On January 9, 2002 I filed a grievance for inadequate protections for Health and Safety during a construction project at the facility which placed me in the hospital for recovery of a bronchial attack.

17. January 18 2002 Navy NMM RATCF management meeting about mold and health issues. Report from meeting –Navy says it was an FAA controller that complained so FAA needed to take care of it. FAA said it's the Navy's building they should take care of it.

18. May 7, 2002 I provided a letter from Dr. Siefker to FAA Management regarding a synopsis of my medical treatment for my persistent asthma and allergies since beginning my treatment with Dr. Siefker on August 26, 2000 through April 1, 2002. The letter also describes fungal elements found in the facility that I was found to be allergic to.

19. August 15 2002 filed DOL OWCP CA-2 for occupational disease.

20. August 19, 2002 DOL OWCP shows receipt of Manager Haven Melton's signature on CA-2 occupational disease form. Even though the DOL denied the Claim the FAA used that information to harasses me on any subsequent filing of CA-1's by terminating COP unilaterally without letting the DOL properly adjudicate each case on its own merits and instead claimed my injuries were the result of an occupational disease to avoid paying COP.

20. Approximately November 2002 I sent a letter to DOL OWCP through ASO-16 WM describing work related incidents that were causing me health issues in response to DOL OWCP's requested information. DOL OWCP denied the CA-2 disease claim.

21. This information I provided to the FAA above was used to terminate COP after work related injuries occurred and before DOL OWCP could adjudicate my claims.

(~~See~~ Exhibit management email exchange for 02/2008)

22. I bid out to Cincinnati TRACON which was a higher level facilities. The facility called and wanted to pick me up. The manager refused to let me leave. I did not find this out until the summer of 2011 when I talked to the person that was the union rep at that time. He was surprised that I was still at the facility and said that Cincinnati kept calling to try and talk the manager into releasing me but there efforts were to no avail.

23. Sinus surgeries Aug 4, 2003 to remove a fungal ball near eye nerve.

24. I have a disability with asthma and allergy. A disability that does substantially limit my daily to yearly life. When I start wheezing and coughing it become difficult to talk as well. I was

fully qualified for the position because I was still working. And my doctor requested an accommodation.

25. The local manager was handed three letters describing my conditions and requesting accommodation.

26 One letter was sent through the hub to DOL OWCP. See exhibit

## DISCRIMINATORY ACTS

1. In an act of conspiracy to deprive me of my civil rights by my supervisor Eddie Sheely, and my manager Haven Melton I was denied my attempts for FMLA leave request so I could be with my wife for her back surgery on Dec. 31 2007, Jan. 7th, 8th, 10th, and the14th 2008, before finally convincing Mr. Melton the day before my wife surgery. I had to copy the regulation to show management that they could not deny my request. Although I did get the leave the y still denied and conspired not to allow it. (prohibited for a company that is suppose to be a model EEO and set the tone for the rest.)

2. I was told that I had to retire at age fifty-six (56) by the ATM on January 14, 2008 even though we had just discussed the fact that I wanted to get into management so I would not have to retire.

3. On January 29, 2008, I received a letter from the ATM advising me that I had not been selected for the Supervisory Air Traffic Control position that was advertised under vacancy announcement number ASO-ATO-08- A009. This denied me a promotion I was more qualified for than the person selected. Statements were made by both supervisors that if you took a lot of sick leave the FAA would not look at you for promotions.

4. The Person selected was also younger than I. He was 31 with 14 years experience. I was 51 with 31 years experience.

5. A coworker when he asked Mr. Melton why he did not get the position was told by Mr. Melton that the Hub manager told him not to hold back his younger talent.

I was told by Mr. Melton that he did not select a previous NMM RATCF supervisor because he took to much leave before he left out facility and that Mr. Melton wanted to have someone who was going to be there.

6. This is denied the promotion for two reasons, age and disability due to leave usage.

5. I was also not selected for the following Supervisory Air Traffic Control positions that were advertised under the following vacancy announcement numbers:

| Announcement No.: | Open | Closed | Effective Date |
|---|---|---|---|
| ASO-ATO-08-A027A | 12/6/07 | 12/26/07 | 3116/08 |
| ASO- ATO-08- A027 | 11115107 | 12/5107 | No selection made |
| ASO-ATO-07-A225 | 9112/07 | 1012/07 | 312108 |
| ASW - A TO-08-092-1 00790 | 11129/07 | 12120/07 | 3120/08 |
| ASO-ATO-08-A032 | 11/2/07 | 12/15107 | 1120108 |
| ASO-ATO-08-A009 | 10/12/07 | 1111/07 | 1/20108 |

6. These bids I did not acquire because of the leave issue and the local management team again was the responsible individuals to work out accommodation.

7. In an article about Atlanta center that describes a health issue there, it states that one controller that went to the emergency room after having problems was not allowed back into the building but transferred to another facility. (One Time)

5. February 1, 2008 I called to initiate an EEO complaint.

6 Feb. 6, 2008 a construction project at work caused an extreme asthma attack. I left to go to the emergency room. On a follow up with my Doctor after I tried to go back to work on Feb 11, 2008, he advised not to return to work in the same building until the air had time to settle, after the construction was complete.

7. My Doctor wrote a note to that effect on three different documents that were all given to the manager.

8. Management did not accept the doctor's recommendations, and told me I had to come to work and use the Navy side bathroom and break room.

9. The manager said that the RADAR room was not affected by what was going on down the hall. The Daily Log on Feb. 6, 2008 after the dust cloud injury occurred had an entry that said the dust cloud was coming under the cipher lock door into the RADAR room.

10. I filed an OSC complaint for prohibited personnel practices on Feb. 14 2008.

11. The supervisors were instructed to not accept any CA-1 that I might file because each day I continued to be short of breath, coughing, sore throat and headache. FAA Management continued to say it was an occupational disease and would not advance any sick leave to cover

the absence and said come to work or use LWOP or AWOL. I was denied advance sick leave on February 14, 15 & 17, 2008 by the ATM after the FAA unilaterally terminated my Continuation of Pay for an injury sustained at work.

12. I had no leave so I went to work in the toxic environment the 19th through the 22.

13. I was decertified as a Controller-In-Charge (CIC) on February 22, 2008 without cause. I was not reassigned those duties until April 25, 2008; this was in retaliation for filing CA-1s (February 6, 19, 20, 21, 22) after being forced to come to work when the FAA terminated COP), an EEO and Office of Special Investigations report. The reason given was I was unreliable. This is retaliatory.

14. This caused loss of pay, loss of professional standing, stress, and during this time I developed high blood pressure.

15. Even though the manager states in the ROI that he did not decertify me and another coworker (he was having health issues as well.) the FLM Mr. Sheely stated to both of us on Feb. 22, 2008 "I have something else to tell you that are going to make thing worse" my coworker and I were standing there with the supervisor, then he said" you and bill are decertified as CIC's," we both immediately asked why and by whom. The supervisor said it was from outside of the facility.

16. We both requested this information in privacy act request and were both denied the information.

15. Then because of my breathing difficulty I went to the doctor again. He strongly suggested I stay out of the building until the projects were done and the building aired out.

15. I was denied reasonable accommodations on January 14, 28, February 1, 3, 5, 21, 28, and April 9, 2008 by the ATM who refused to accept several of my doctor notes requesting an accommodation to remain out of then building until he completion of the construction work.

16. I also raise the following information not a claim but as back ground. In the 2004/2005 bid for a Supervisory Air Traffic Control position that was advertised under vacancy announcement number ASO-AAT-04-A18O on January 9, 2005. The FAA assumed I was raising the issue as a complaint of discrimination again.

17. I was not selected for the 2004/2005 bid because the recipient had a better bid package and point total than I did. That was the reason I did not pursue that case in a formal setting. I was pointing out the discrepancy between the manager's description that I needed to improve my bid package for future bids in the 2004/2005 bid to the 2008 bid in which the manager completely

reversed his 2004 decision and selected an individual with much lower points and a bid package that needed improvement. The manager then made the statement that "the FAA was going in a different direction." This indicates that a prohibited reason for the selection was made in 2008.

18. Age was used when a coworker after asking why he was not selected, was advised that upper management had told the facility manager "Don't hold back your younger talent". This is definitely the "but for" reason in an age discrimination case.

19. Approximately November 2007 when the supervisors came back from their mandatory Imposed work rules briefing, both supervisors stated that they were advised that if you used a lot of sick leave you would not be looked at for promotion. This is disability discrimination. I and other coworkers heard from management this statement. It is against regulations, the controller/FAA contract and Federal law.

20. On April 7, 2011 I learned that my front line supervisor, My supervisor did not give me a good recommendation resulting in non selection to the position of Air Traffic Control Specialist, Atlanta TRACON, advertised under the Vacancy Announcement No. ASO-ATO-A031. When I asked my supervisor what Atlanta had asked and what he had said he advised we would talk later. When he and I were the only ones in the facility he told me that "I just couldn't say or do it" that if I "went to Atlanta and did not make it, it would hurt the chances of them picking someone else up from Meridian RATCF later on."

21. As the complaint alleges, in this and in other ways, the agency failed to provide a reasonable accommodation, particularly in preventing and failing to provide for a transfer to another facility.

22. May 11, 2011 I handed a privacy act request to my supervisor for further information on what he used to determine the recommendation he gave me.

23. May 12, 2011 the supervisor denied me the right to the information. In the interview with the investigator he and the manager mentioned that I had documented deficiencies. If this is true why didn't management provide me with the information so I could improve? This is a violation of the privacy act and regulation to help an individual improve if they are performing below standards.

24. The Supervisor and the manager both say that they are not aware I have a disability.

25. They both have told me to leave the room when something like the ceiling tiles were being replaced or something is in the air they would have me stay out of the building , or tell me to use the Navy side of the building. This is definite knowledge that they know.

26. They both were asked on at least two different occasions "are you aware that I have a disability and then asked about an accommodation.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that the court award him:

Relief: Back pay, Front Pay, Permanent Injunctions and other affirmative relief, compensatory damages, liquidated Damages, post and pre judgment interest, attorney fees, costs, other compensatory damages, non monetary relief, and other damages and further relief as deemed just.

## JURY DEMAND

The Plaintiff requests trial by jury.

**DECLARATION UNDER PENALTY OF PERJURY**
The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. § 1621.

(Sign) _Randy Lee Kennedy_  9-4-2015
Randy Lee Kennedy                Date

# CERTIFICATE OF SERVICE

I Randy L. Kennedy, Plaintiff Pro Se do hereby certify that I have on this date filed **PLAINTIFF'S COMPLAINT AND EXHIBITS** with the Clerk of the Federal District Court Southern Mississippi and that a copy of said document will be mailed via U.S. Postal Service today to the following recipients:

United States of America
Honorable Anthony R. Foxx
Secretary of Transportation
1200 New Jersey Avenue, SE.
Washington, DC 20590

Honorable Loretta Lynch Attorney General
Executive Office for United States Attorneys
United States Department of Justice
950 Pennsylvania Avenue, NW, Room 2242
Washington, DC 20530-0001

And

Honorable Gregory K. Davis
C/O Civil Process Clerk
Southern District of Mississippi
U.S. Attorney's Office
501 East Court Street, Suite 4.430
Jackson, Mississippi 3920

Kristi H. Johnson
501 E. Court Street- Suite 4.430
Jackson, Mississippi 39201
601-973-2887 (Phone)
601-965-4409 (Facsimile)
Kristi.Johnson2@usdoj.gov   (E-mail)

Date _[signature]_

9-4-2015
Randy L. Kennedy,
Plaintiff Pro Se
8154 Pine Springs Rd.
Meridian, MS 39305
601-771-0030
rkennedy8514@comcast.net