IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RANDY LEE KENNEDY**                                                                **PLAINTIFF**

v.                                                          CIVIL ACTION NO. 3:14-cv-607-WHB-JCG

**ANTHONY FOXX, SECRETARY,
UNITED STATES DEPARTMENT
OF TRANSPORTATION AND
ITS DIVISION THE FEDERAL
AVIATION ADMINISTRATION
AND JOHN DOES 1-10**                                                        **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant Anthony Foxx, Secretary of the United States Department of Transportation, by and through the United States Attorney and the undersigned Assistant United States Attorney, respectfully moves to dismiss the Plaintiff's claims against him under the Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.

## BACKGROUND

Plaintiff Randy Kennedy filed his Amended Complaint against the Defendants on September 4, 2015.  His claims stem from his employment as an Air Traffic Controller in Meridian, Mississippi.  Plaintiff alleges violations of the Americans with Disabilities Act, Title VII (race, color, national origin), Age Discrimination in Employment Act, Privacy Act, Family Medical Leave Act (FMLA) interference, and other retaliation claims against the Defendants.  Plaintiff's claims for Privacy Act violations, FMLA interference, workers compensation retaliation, as well as retaliation for Office of Special Counsel and OSHA complaints must be dismissed for lack of subject matter jurisdiction and failure to state a claim.  Specifically, Title II federal workers have no private right of action for FMLA violations, and Plaintiff's retaliation and Privacy Act claims are preempted by

the Civil Service Reform Act.  Consequently, the Court should dismiss those claims.  Additionally, all claims against Defendants other than Secretary Anthony Foxx must be dismissed for lack of subject matter jurisdiction and failure to state a claim.

## ARGUMENT

I. **Plaintiff's retaliation claims are preempted by the Civil Service Reform Act and must be dismissed for lack of subject matter jurisdiction and failure to state a claim.**

Plaintiff alleges he was retaliated against for filing numerous workers compensation claims, as well as filing complaints with the Office of Special Counsel for prohibited personnel practices and with OSHA. [Doc. No. 18, p.3].  Not only does Mississippi not recognize a cause of action for workers compensation retaliation, but all these claims fail because they are preempted by the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 1101.  In addition to preemption, Plaintiff's OSHA retaliation claim fails because an employee does not have a private cause of action for retaliation under OSHA.  *See George v. Aztec Rental Center, Inc.*, 763 F.2d 184 (5th Cir. 1985)(affirming dismissal of retaliatory discharge claims under 29 U.S.C. § 660(a)(1) because no private cause of action exists).

The CSRA delineates the remedial scheme under which federal employees can challenge "prohibited personnel practices."  5 U.S.C. § 2302.  It "provides a comprehensive framework for the judicial and administrative review of prohibited personnel actions taken against federal employees and applicants for federal employment."  *Buckhanan v. Shinseki*, 2013 WL 5517903 (S.D. Miss. Oct. 3, 2013)(citing *Crawford v. United States Dept. of Homeland Sec.*, 245 F. App'x 369, 374 (5th Cir. 2007)(dismissing workers compensation retaliation claim because preempted by CSRA).  Accordingly, if a plaintiff's cause of action falls within the scope of "prohibited personnel practices," the CSRA's administrative procedures are the only remedy, and the plaintiff may not obtain relief in federal courts for that cause of action.  *See McAuliffe v. Rice*, 966 F.2d 979, 981 (5th

Cir. 1992)(CSRA furnishes the exclusive set of remedies available to federal employees of all types); *see also*, *Schwartz v. International Federation of Professional and Technical Engineers, AFL-CIO*, 306 F. App'x 168, 172, 2009 WL 62236, *2 (Jan. 12, 2009); *see also*, *American Postal Workers Union v. United States Postal Service,* 940 F.2d 704, 708 (D.C.Cir. 1991)(holding that a retaliatory discharge claim brought under the Federal Tort Claims Act was preempted by the CRSA).

Here, because Plaintiff's retaliation claims involve personnel practices, the claims are preempted by the CSRA and must be dismissed for lack of subject matter jurisdiction and failure to state a claim.

## II.   Plaintiff's Privacy Act claim also is preempted by the Civil Service Reform Act and must be dismissed for lack of subject matter jurisdiction and failure to state a claim.

The Privacy Act creates causes of action under the following situations:

(g) (1) Civil remedies.-Whenever any agency

(A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;

(B) refuses to comply with an individual request under subsection (d)(1) of this section;

(C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or

(D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,

the individual may bring a civil action against the agency, and the district courts of

>the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552a.

Plaintiff alleges in his Amended Complaint that his "right to privacy act information in my records maintained by the agency was denied on several occasions." *See* Amended Complaint, Doc. No. 3, p. 3. Plaintiff seemingly contends he requested his personnel records from the agency and was denied access constituting a refusal to comply with an individual's request for records under 5 U.S.C. § 552a(d)(1).

It is well established that the causes of action created by the Privacy Act fall under the rubric of the CSRA's "prohibited personnel practices." *See Orsay v. United States Department of Justice*, 289 F.3d 1125, 1130 (9th Cir. 2002)("Because Appellants' Privacy Act claims are in fact complaints about 'prohibited personnel practices' under the CSRA, we hold that the CSRA precludes consideration of the claims."); *Phillips v. Widnall*, 110 F.3d 74 (Table)(10th Cir. 1997)("Where the Civil Service Reform Act ... precludes review of a personnel decision, the Privacy Act does not vest the court with jurisdiction to conduct such a review."); *see also Lee v. Geren*, 480 F.Supp.2d 198, 206 (D.D.C.2007) ("[T]he court agrees that plaintiff should not be allowed to use the Privacy Act as an 'end-run' around the CSRA.). Consequently, Plaintiff's Privacy Act claim is preempted by the Civil Service Reform Act and must be dismissed for lack of subject matter jurisdiction and failure to state a claim.

### III. Plaintiff's FMLA interference claim must be dismissed for failure to state a claim.

Plaintiff alleges his Family Medical Leave Act requests were interfered with and denied. *See* Amended Complaint, Doc. No. 3, p. 3. The United States, as sovereign, is immune from suit except as it consents to be sued. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)(citation omitted).

"[A] waiver of the traditional sovereign immunity cannot be implied but must be unequivocally expressed." *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 734 (1982)(quotations omitted). Plaintiff has "the burden of proving that Congress has consented to suit by affirmatively waiving sovereign immunity in the specific context at issue." *Gulf Restoration Network v. McCarthy*, 783 F.3d 227, 232 (5th Cir. 2015).

Title I and Title II of the FMLA provide nearly identical entitlements; however, the groups of employees covered under each Title are separate and distinct. *See* 29 U.S.C. §§ 2601, *et seq*. (Title I), and 5 U.S.C. §§ 6381, *et seq*. (Title II)). "Title I applies to private employees and federal employees with less than twelve months of service. Title II applies [to] federal employees with more than twelve months of service – i.e. the majority of federal employees." *Long v. Deborah Lee James, Secretary of the Air Force*, 1:13-CV-343 (Sept. 23, 2015)(citing 29 U.S.C. § 2611; 5 U.S.C. § 2105(a)(1)(A), (a)(1)(D) & 6301(2)). Plaintiff admits in his Amended Complaint he has been a federal employee since 1982. *See* Doc No. 18, p. 3. Because Plaintiff has over twelve months of service, he falls under Title II of the FMLA.

Title I of the FMLA contains an express provision allowing employees to sue for violations under the Act. 29 U.S.C. § 2617. Title II, on the other hand, does not contain an express private right of action. *See* 5 U.S.C. § 6381, *et seq*. Because sovereign immunity must be expressly and unequivocally waived, Title II's lack of an express provision allowing a private right of action means that the Court has no subject matter jurisdiction over Plaintiff's FMLA retaliation claim. The Fifth Circuit agreed with this view, holding that, "[f]ederal employees with more than twelve months of service do not have a private right of action for FMLA violations." *Carlson v. White*, 133 F. App'x 144, 144-45 (5th Cir. 2005)(citing 5 U.S.C. §§ 6381-6387).

Other circuits have come to the same conclusion. In *Mann v. Naigh*, the Fourth Circuit held that a federal employee covered by Title II of the FMLA could not bring suit based on violations of

the Act. *Mann v. Naigh*, 120 F.3d 34 (4th Cir. 1997). The court stated that the lack of an express right of action within Title II is an "affirmative congressional decision that the employees covered by Title II of the FMLA should not have a right to judicial review of their FMLA claims through the FMLA.) *Id.* at 37; *see also Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999)("We agree with the Fourth Circuit's reasoning [in Mann] and similarly conclude that the absence of an express waiver of the government's sovereign immunity in Title II of the FMLA bars private suits for violations of its provisions."; *Cavicchi v. Secretary of Treasury*, No. 04-10451, 2004 WL 4917357 (11th Cir. 2004)("We agree with [Fourth and Ninth] circuits that the absence of an express authorization precludes Cavicchi's FMLA claim for retaliation because the United States Supreme Court has held that the sovereign immunity of the United States may only be waived through an 'unequivocal' expression of Congressional intent to do so.")(internal citations omitted). Accordingly, Defendant is entitled to dismissal of Plaintiff's FMLA claim.

### IV.     Secretary Foxx is the Only Proper Defendant, and All Other Defendants Should Be Dismissed.

Plaintiff alleges employment discrimination claims against all Defendants. These claims fail as these Defendants are not proper parties for these claims. The only proper defendant in an employment discrimination action is the secretary of the agency for which the Plaintiff is employed. *Menchaca v. Frank*, 1993 WL 185783, *1 (S.D. Miss. May 25, 1993). Accordingly, Plaintiff's employment discrimination claims against all Defendants except Secretary Foxx must be dismissed.

### CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that Plaintiff's claims against all Defendants except Secretary Foxx be dismissed. Defendant further respectfully requests that Plaintiff's Privacy Act violations, FMLA interference, workers compensation retaliation, as well as retaliation for Office of Special Counsel and OSHA complaints must be dismissed.

|  |  |
|---|---|
| Dated: October 2, 2015 | Respectfully submitted,<br>GREGORY K. DAVIS<br>*United States Attorney*<br>*Southern District of Mississippi* |
| By: | *Kristi H. Johnson*<br>KRISTI H. JOHNSON (MS Bar No. 102891)<br>*Assistant United States Attorney*<br>501 E. Court Street – Suite 4.430<br>Jackson, Mississippi   39201<br>601-973-2887 (Phone)<br>601-965-4409 (Facsimile)<br>Kristi.Johnson2@usdoj.gov (E-Mail) |

**CERTIFICATE OF SERVICE**

I, Kristi H. Johnson, Assistant United States Attorney, do hereby certify that I have this date filed the foregoing document using the electronic filing system of the Court which sent copies of the filed document to all parties in interest, and that a copy of said document was mailed to the following by U.S. Postal Service, postage prepaid.

Randy L. Kennedy
*Pro Se Plaintiff*
8154 Pine Springs Road
Meridian, MS   39305

Date:   October 2, 2015

*Kristi H. Johnson*
KRISTI H. JOHNSON (MS Bar No. 102891)
*Assistant United States Attorney*
501 E. Court Street Street – Suite 4.430
Jackson, Mississippi   39201
601-973-2887 (Phone)
601-965-4409 (Facsimile)
Kristi.Johnson2@usdoj.gov (E-Mail)